UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
GREG KENDAL SMITH,
dba G 13 Land Co., Inc.,
dba G13 Angus Ranch, Inc.
dba Leonard Goff Ranches, Inc.,
    Debtor.                          No. 12-10-11752 SL

**FINDINGS OF FACT AND CONCLUSIONS
OF LAW RELATED TO MOTION FOR RELIEF FROM
AUTOMATIC STAY OR, ALTERNATIVELY, TO DETERMINE
THAT AUTOMATIC STAY IS NOT LONGER APPLICABLE**

This matter is before the Court on Creditor Clifford Wayne

Glenn's Motion for Relief from Automatic Stay or, alternatively,

to Determine that the Automatic Stay is No Longer Applicable (doc

205)("Motion") and the objection thereto filed by Debtor Greg

Kendal Smith (doc 208).  At the preliminary hearing on the Motion

the Court and the parties all raised the issue of jurisdiction

because this case is a post-confirmation Chapter 12 case.  The

parties filed simultaneous briefs (docs 214 and 216) and

responses (docs 217 and 218).  The Court has reviewed the briefs

and the applicable authorities and finds that the automatic stay

is no longer applicable because the Bankruptcy Court lost

jurisdiction upon confirmation.

**FACTS**

1.    Debtor filed a Chapter 12 petition with this Court on April

      8, 2010 (doc 1).

2.  Debtor's Schedule G listed as an executory contract/
    unexpired lease an "Amended Land Lease with Option to
    Purchase" with the Buna Jean Glenn Estate (doc 10, p. 19).

3.  On July 30, 2010 Debtor filed a Motion to Assume Lease or
    Executory Contract with the Buna Jean Glenn Estate (doc 33).

4.  The Motion to Assume Lease or Executory Contract was granted
    by Order entered August 27, 2010 (doc 45).

5.  On January 12, 2011, Debtor filed his Second Amended Chapter
    12 Plan (doc 108).  Paragraph 5.1 of the Second Amended Plan
    provides:

    Debtor shall assume the Amended Land Lease Agreement
    with Option to Purchase between the Debtor as
    lessee/buyer and Buna Jean Glenn as lessor/seller
    ("Lease Agreement").  The Debtor shall pay the yearly
    payment of $17,812.00 outside the Second Amended Plan.

    Paragraph 7.8 provides:

    **Vesting of Assets.**  To the extent property of the
    estate has not already vested in the Debtor, it will
    vest in the Debtor when the Second Amended Plan is
    confirmed.

    Paragraph 7.10 provides:

    **Retention of Jurisdiction.**  The Court will retain
    jurisdiction to hear and determine all matters and
    proceedings to the fullest extent permitted under the
    Bankruptcy Code or other applicable law.

6.  On March 22, 2011, the Court entered an Order Confirming
    Debtor's Second Amended Chapter 12 Plan (doc 174).  The
    Confirmation Order was not appealed.

7. The bankruptcy case remains open pending completion of the Chapter 12 plan. Discharge has not been entered.

8. The Glenn estate alleges a breach of the contract post-assumption and post-confirmation and seeks to enforce its rights under state law in the state courts.

**CONCLUSIONS OF LAW**

1. The actions prohibited by the automatic stay are set forth in Bankruptcy Code section 362(a). The prohibitions protect both the debtor and property of the debtor (<u>e.g.</u>, § 362(a)(1) (actions against the debtor that <u>could have been commenced before bankruptcy</u>); § 362(a)(2) (enforcement against the debtor of a <u>prepetition judgment</u>); § 362(a)(5) (<u>prepetition lien enforcement</u> against property of the debtor); § 362(a)(6) (actions to collect <u>prepetition claims</u> against the debtor); § 362(a)(7) (setoff of <u>prepetition debts</u> owing to the debtor)(emphasis added); § 362(a)(8) (inapplicable, pertains only to a corporation's tax liability)). Section 362(a) also protects property of the estate (<u>e.g.</u>, § 362(a)(2) (enforcement against estate property of a prepetition judgment); § 362(a)(3) (actions to obtain possession of property of the estate or from the estate or to exercise control over that property); § 362(a)(4) (actions to create or enforce liens against property of the estate)).

2. The automatic stay protects a debtor and a debtor's property (as opposed to property of the estate) only from prepetition debts.[1]

3. Postconfirmation breaches of assumed contracts or leases are postpetition debts.

> Once an unexpired lease is assumed postpetition, it, and the effects of a subsequent breach of its terms by the debtor, are no longer treated as prepetition obligations. Assumption has been aptly described as:
>> an act of administration that create[s] an obligation of the postpetition bankruptcy estate which is legally distinct from the obligations of the parties prior to the assumption. Any breach of the assumed obligations, whether in the form of a default or a formal rejection of the lease thereby constitutes a breach by the postpetition debtors of postpetition obligations.

In re Wright, 256 B.R. 858, 860 (Bankr. W.D. N.C. 2001)(Citations omitted.) See also 11 U.S.C. § 365(g)(2)(A):

> [T]he rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease--
> ...
> (2) if such contract or lease has been assumed under this section or under a plan confirmed under chapter 9, 11, 12, or 13 of this title--
> (A) if before such rejection the case has not been converted under section 1112, 1208, or 1307 of this title, at the time of such rejection[.]

---

[1]"[S]ubsections 362(a)(1), (2), (5), (6) and (7) pertain to stays of actions relating only to pre-petition claims." In re Ziegler, 136 B.R. 497, 500 (Bankr. N.D. Ill. 1992).

Page -4-

4. The Glenn estate alleges post-assumption and post-confirmation breaches. Therefore, the automatic stay provisions do not prevent the Glen estate from pursuing (only) the Debtor or his property.

5. Bankruptcy Code section 1227(b) provides "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." Debtor's Plan does not provide otherwise. Therefore, all property revested in the Debtor upon confirmation of Debtor's Second Amended Plan. Consequently, there is no longer any property of the estate. See also 11 U.S.C. § 362(c)(1) ("[T]he stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate.") Therefore, the automatic stay provisions do not prevent the Glen estate from pursuing the property that was formerly property of the estate.

6. The Court will enter an Order declaring that the automatic stay does not apply.

7. Debtor's Second Amended Plan purports to "retain jurisdiction to hear and determine all matters and proceedings to the fullest extent permitted under the Bankruptcy Code or other applicable law." The Court finds no statutory authority for this provision. Compare 11

Case 10-11752-t12    Doc 221    Filed 07/13/12    Entered 07/13/12 09:52:19 Page 5 of 10

U.S.C. § 1123(b)(3)(B) ("[A] plan may -- ... (3) provide for ... (B) the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any such claim or interest[.] with 11 U.S.C. § 1222 (no comparable provision). See also 11 U.S.C. § 1142(b) ("The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan.") Chapter 12 has no comparable provision. However, even if this were an acceptable provision the Court finds that it goes too far.

Under Tenth Circuit law, section 1123(b)(3)(B) requires "specific and unequivocal language of reservation." Retail Marketing Co. v. King (In re Mako), 985 F.2d 1052, 1055 n.3 (10th Cir. 1993):

> [B]ecause the confirmation of a Chapter 11 Plan dissolves the bankruptcy estate and the rights and powers created under the Bankruptcy Code, the retention provision of § 1123(b)(3)(B) requires specific and unequivocal language of reservation. Without this language, the avoidance powers of the Trustee ... perish and become unenforceable.

(Quoting Retail Marketing Co. v. Norwest Nat'l Bank (In re Mako, Inc.), 120 B.R. 203, 209 (Bankr. E.D. Okla. 1990).)

The language in Debtor's purported reservation of
jurisdiction does not identify who will prosecute or defend
what actions, brought by whom or against what entity, and
for whose benefit the actions will be prosecuted or
defended.[2]  This is not specific and unequivocal language.
See Connolly v. City of Houston (In re Western Integrated
Networks, LLC), 329 B.R. 334, 340 (Bankr. D. Colo.
2005)(discussing retention of jurisdiction generally and
noting that "blanket language" such as reserving the power
to compromise or settle "Chapter 5" litigation was too vague
to confer standing on a reorganized debtor to bring section
542 actions.)

8.   Furthermore, every federal court has a duty to examine its
own jurisdiction.  Lopez v. Behles (In re American Ready
Mix, Inc.), 14 F.3d 1497, 1499 (10th Cir.), cert. denied,

---

[2] In Mako, the Tenth Circuit was also concerned about
whether the actions sought to be preserved would benefit
creditors of the estate:
> Although we have approved the prosecution of avoidance
> actions for the benefit of administrative claimants,
> see [Citicorp Acceptance Co. v. Robison ( In re
> Sweetwater), 884 F.2d 1323, 1327 (10th Cir.1989)], the
> uncontested finding of the bankruptcy court was that
> under the plan "RMC is not obligated in any way to
> distribute any proceeds realized from the successful
> prosecution of this avoidance action to the unsecured
> creditors of the estate." Bankruptcy Court Order at 5.
> By bringing these avoidance actions RMC is seeking to
> recoup money it was obligated to pay under §
> 1129(a)(9)(A). A successful recovery from defendants
> will work only to the benefit of RMC.
Id. at 1056.

513 U.S. 818 (1994). "[N]either the parties nor the bankruptcy court can create [28 U.S.C.] § 1334 jurisdiction by simply inserting a retention of jurisdiction provision in a plan of reorganization if jurisdiction otherwise is lacking[.]" <u>Valley Historic Limited Partnership v. Bank of New York (In re Valley Historic Limited Partnership)</u>, 486 F.3d 831, 837 (4th Cir. 2007). <u>See also</u> <u>Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)</u>, 372 F.3d 154, 161 (3rd Cir. 2004)(If a court lacks jurisdiction over a dispute, it cannot create it by stating that it has jurisdiction in a confirmation order. If there is no jurisdiction under 28 U.S.C. § 1334 or § 157 then retention of jurisdiction provisions are "fundamentally irrelevant.")

9. The Glenn estate action is not a core proceeding because it is not based on any provision of the bankruptcy code and could be brought in a state court absent the bankruptcy filing. It is also not related to the bankruptcy case. The plan is confirmed. The payments the creditors will receive are set out in the plan. The outcome of the litigation will not change the terms of the confirmed plan[3]. The proposed

---

[3]Any argument that the outcome of the litigation may impact the Debtor's ability to fund the plan is not persuasive. <u>See Finkelstein v. Transamerican Natural Gas Corp. (In re Transamerican Natural Gas Corp.)</u>, 127 B.R. 800, 804 (S.D. Texas 1991)(Dismissing identical argument, and noting that under such reasoning every future breach of contract action by a confirmed
(continued...)

Case 10-11752-t12   Doc 221   Filed 07/13/12   Entered 07/13/12 09:52:19 Page 8 of 10

litigation also does not seek to construe or interpret the
confirmed plan or seek to apply any provisions of the
bankruptcy code.  It is a simple state law issue of whether
a party breached a contract.  <u>See</u> <u>id.</u> at 168-69.  Therefore,
the Court lacks jurisdiction under 28 U.S.C. § 1334(b)
(providing for jurisdiction in all civil proceedings arising
under title 11, or arising in or related to cases under
title 11.)

10.  The bankruptcy court also loses jurisdiction over property
when it leaves the estate.  <u>Gardner v. United States (In re</u>
<u>Gardner)</u>, 913 F.2d 1515, 1518 (10th Cir. 1990).  Therefore,
the Court also lacks jurisdiction under 28 U.S.C. §
1334(e)(1) (providing for jurisdiction over all of the
property of the debtor as of the commencement of the case
and of property of the estate.)

11.  The Court therefore lacks jurisdiction to hear the Glenn
estate claims[4].

**CONCLUSION**

---

[3](...continued)
debtor, no matter how unrelated to its former bankruptcy estate,
could arguable be drawn into federal court as affecting its
liquidity.)

[4]This conclusion also disposes of Debtor's judicial
efficiency argument.  If there is no jurisdiction efficiency is
irrelevant.

Page -9-

The Court will enter an Order declaring that the automatic
stay does not apply.

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:  July 13, 2012

Copies to:

Jennie D Behles
PO Box 7070
Albuquerque, NM 87194-7070

William F. Davis
6709 Academy NE, Suite A
Albuquerque, NM 87109

Philip J. Montoya
Trustee
PO Box 159
Albuquerque, NM 87103

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608